**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION**

LATINA THOMAS,                         )
                                       )
        **Plaintiff,**        )
                                       )
v.                                     )        **Civil Action No. 1:08-0037**
                                       )
FEDERAL BUREAU OF PRISONS, *et al.*,   )
                                       )
        **Defendants.**       )

**PROPOSED FINDINGS AND RECOMMENDATION**

On January 15, 2008, Plaintiff, acting *pro se* and incarcerated at FPC Alderson, filed her

Complaint. (Document No. 1.) Plaintiff names the following as Defendants: (1) Federal Bureau of

Prisons; and (2) Allen Blankenship. (Id.) Plaintiff alleges that the Defendants acted with negligence

and deliberate indifference by failing to provide appropriate follow-up care after an "IV needle being

inserted wrong into my veins, resulting in the blowing of my veins on July 7, 2007." (Id.) Specifically,

Plaintiff states as follows:

> Plaintiff Thomas challenges the denial of the Administrative Tort Claim and
> presents to this Court circumstances in reference to a IV needle being inserted wrong
> into my veins, resulting in the blowing of my veins on July 7, 2007. On July 6, 2007,
> I went to FPC Alderson Health Services Unit (HSU) to drink a liquid for a CT Scan.
> On July 7, 2007, I was told by Summer County Hospital nurse, that I didn't have to
> drink the liquid for the procedure because I would be getting contrast dye inserted
> through an IV. As soon as the IV team came and started the procedure, I knew
> something was wrong because it was very painful. I informed the team of the pain and
> they did not stop the procedure. After the procedure, my hand was swollen as big as
> a golf ball, the nurse at Summer County Hospital instructed me to get dressed and that
> my hand would be okay.
>     On July 8, 2007, I went to Allen Blankenship, Health Service Administrator.
> He instructed me to go to FPC Alderson Health Services Unit (HSU). I was told by
> HSU, there was nothing they could do. To date I am in grave pain and scared by a
> lump on my right hand the size of a marvel.

(Id., pp. 1 - 2.) Plaintiff explains that she "realizes that FPC Alderson (Bureau of Prisons) is not liable

for any actions of the Summers County Hospital, but FPC Alderson (Bureau of Prisons) is liable for

follow-up, especially when it was brought to their attention that there were some complications." (Id., p. 3.) Thus, Plaintiff claims that she was "injured by the Bureau of Prisons' deliberate indifference" to her serious medical condition in violation of the Eighth Amendment. (Id.) Plaintiff requests monetary relief in the amount of $5,000,000.00. (Id., p. 3.)

By Order entered on October 1, 2010, the undersigned considered Plaintiff's Complaint as seeking relief pursuant to the Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346(b) and 2671, *et seq.*, and for alleged violations of her constitutional and civil rights pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619(1971). (Document No. 3.) Although the Court determined that Plaintiff had potentially stated a claim under the FTCA and Bivens, Plaintiff had neither paid the filing fee nor submitted an Application to Proceed *in forma pauperis*. The undersigned ordered that the Clerk send Plaintiff an Application to Proceed *in forma pauperis* and that within 20 days of the date of entry of the Order, Plaintiff either pay the $350.00 filing fee or file the Application to Proceed *in forma pauperis* and other documents as required by 28 U.S.C. § 1915(a)(1) and (2). (Id.) The undersigned further notified Plaintiff as follows:

> Failure of the Plaintiff to file a complete Application to Proceed *in forma pauperis* or Without Prepayment of Fees within twenty (20) days from the date of this Order will result in a recommendation of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia.

(Id.) Plaintiff has not responded to the Court's Order that was entered more than two months ago. Accordingly, the undersigned has determined that Plaintiff has failed to take any steps to prosecute this action, and therefore, Plaintiff's Complaint in this case should be dismissed.

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the

2

inherent power to dismiss an action for a *pro se* Plaintiff's failure to prosecute *sua sponte*.[1] See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).

Rule 41.1 of the Local Rules provides:

**Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall mail a certified copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first three factors, the Court finds that the delays in this case are attributable solely to the Plaintiff as the Defendants have  not been required to make an appearance in this action.[2] Pursuant to 28 U.S.C. § 1915, federal courts may

---

[1] Rule 41(b) of the Federal Rules of Civil Procedure provides:

**(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication upon the merits.

[2] The Bureau of Prisons' Inmate Locator indicates that Plaintiff was released from custody on October 2, 2009. It is Plaintiff's responsibility to provide the Court with a notice of change of address.

3

authorize the commencement of an inmate's civil action *in forma pauperis* upon the inmate's filing

an Application to so proceed, together with an Affidavit stating the nature of the action and Plaintiff's

belief that she is entitled to redress. 28 U.S.C. §§ 1915(a)(1) and (2)(2002). "Section 1915 is intended

to allow qualified litigants to proceed without having to advance the fees and costs associated with

litigation." DeBlasio v. Gilmore, 315 F.3d 396, 398 (4th Cir. 2003). Plaintiff has not responded to the

Court's Order directing her either to pay the requisite $350.00 filing fee in full or to file an Application

to Proceed *in Forma Pauperis*. (Document No. 3.) Plaintiff, therefore, is the sole cause of the delays

in this action. With respect to the second and third factors, although the record is void of further

evidence indicating that Plaintiff has a history of "deliberately proceeding in a dilatory fashion," the

Court does not find that the named Defendants will be prejudiced by dismissal of Plaintiff's

Complaint.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule

41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The

particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of

fines, costs, or damages against Plaintiff would be futile in view of Plaintiff's failure to pay the filing

fee. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to

respond to the undersigned's Order entered more than two months ago advising Plaintiff that the

undersigned would recommend dismissal if Plaintiff failed to complete and file the above forms

(Document No. 3.). Accordingly, the undersigned has determined that this action should be dismissed

without prejudice unless Plaintiff is able to show good cause for her failure to prosecute.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and

accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** this case

4

without prejudice for failure to prosecute and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

Date: December 15, 2010.

R. Clarke VanDervort
United States Magistrate Judge